## GAAR, SCOTT & CO. ET AL.
### v.
## FIRST NATIONAL BANK OF CENTRALIA ET AL.

1. NATIONAL BANKS—MORTGAGE SECURITY.—Where notes given to a national bank are not for money loaned on the strength of a chattel mortgage as security, but are given for a pre-existing indebtedness, and the mortgage taken as additional security, this is a lawful and prudent precaution taken in the interest of stockholders, and is not prohibited by the federal statute.

2. CHATTEL MORTGAGE TO SEVERAL MORTGAGEES.—The mortgage in this case is not to be construed as a separate mortgage to each mortgagee, but the mortgage debt was an entirety of $4,895.93, made up of notes payable to several mortgagees and maturing at successive periods, and the whole debt, as well as every part thereof, was secured by the mortgage, and no one mortgagee had the right to take possession of the property when his debt became due, but his lien continued until the last note matured.

3. PROVISION AS TO LEVY BY EXECUTION.—A provision in a chattel mortgage that if at any time before the whole secured debt is paid the mortgaged property or any part thereof is levied upon by execution the right of the mortgagor to retain possession thereof ceases, and the mortgagee at once acquires the lawful right to take all of said property, is valid.

APPEAL from the Circuit Court of Washington county; the Hon. GEORGE W. WALL, Judge, presiding.   Opinion filed November 24, 1886.

Messrs. VAN HOOREBEKE & FORD, Messrs. WATTS & FORMAN and Messrs. CASEY & DWIGHT, for appellants; that, there being no privity between the mortgagees in the notes described in the mortgage falling due at different times, they should be treated as though several distinct mortgages had been executed to secure the several notes, cited Richardson v. McKim, 20 Kan. 346; Wilson v. Haywood, 6 Florida, 171; State Bk. v. Tweedy, 8 Black. 447; Murdock v. Ford, 17 Ind. 52; Isett v. Lucas, 17 Ia. 503; Mitchell v. Laden, 36 Mo. 326; Thompson v. Field, 38 Mo. 320; Wood v. Trask, 7 Wis. 566; Vansant v. Allmon, 23 Ill. 30; Funk v. McReynolds, 33 Ill. 481.

Messrs. W. & E. L. STOKER, for appellees; cited Arnold v. Stock, 81 Ill. 407.

GREEN, J. This was a trial of the rights of property, had in the circuit court on appeal from the county court, and by consent of parties a jury was waived, the cause was tried by the court, a finding and judgment for claimants resulted and this appeal therefrom was taken.

Claimants, to establish their right, relied upon a chattel mortgage, properly executed, acknowledged and recorded, made to them by David McCulloch, conveying the property in controversy, to secure certain indebtedness, and claimed by reason of the levy of certain executions upon said property, and while a portion of the mortgage debt was due and unpaid, the mortgagees, by the terms of the mortgage, were lawfully entitled to take said property and hold it as against appellants, plaintiffs in said executions. A number of the notes secured by the mortgage were executed by the mortgagor and other makers to the First National Bank, one of the mortgagees. Other of the mortgage notes were made by the mortgagor, and sureties, who were mortgagees, and had taken said notes up and substituted for them renewal notes before the levy. And other of the mortgage notes were given by the mortgagor and another maker to W. & E. L. Stoker, also mortgagees, and the consideration therefor was professional services rendered and to be rendered by the payees. On behalf of appellants, as a reason for reversal, it is said a national bank is forbidden by law to loan money on mortgage security, and hence this mortgage is not valid as to all the notes given said First National Bank and secured thereby. It does not appear these notes were for money loaned on the strength of this mortgage as security, but were given for a pre-existing indebtedness, and this mortgage taken as additional security. This we think was a lawful and prudent precaution taken in the interest of stockholders and not prohibited by the federal statute. Again it is urged on behalf of appellants, the instrument relied on is to be construed as a separate mortgage given to each mortgagee to secure him (or where a note is to a greater number, to secure them) to the extent and according to the tenor of their respective notes; and inasmuch as some of said notes matured before the levy, and thereupon the

mortgagees, payees thereof, failed to take possession of the mortgaged property, by reason of such laches lost their lien. To sustain this position would require a change of the contract, which, on its face, is a mortgage to all the claimants jointly.

At law they had no separate rights as mortgagees. The mortgage debt is an entirety of $4,895.93, made up, it is true, of notes payable to several mortgagees, and maturing at successive periods. Nevertheless the whole debt, as well as every part thereof, was secured by the mortgage, and no one mortgagee had the right to take possession of the property when his debt became due, but the lien continued until the last note matured. It is also insisted on behalf of appellants, that said mortgage notes, taken up by the sureties with other notes given in lieu of those taken up, were not paid, and neither the payees nor sureties had a lien therefor on the mortgaged property, but conceding this, still two of the Stokers' notes were unpaid at the time of the levy. Two years had not then elapsed from the date of recording the mortgage, and by its terms, if at any time before the whole secured debt was paid the mortgaged property, or any part thereof, was levied upon by execution, the right of the mortgagor to retain possession thereof ceased, and the mortgagees at once acquired the lawful right to take all of said property. And this provision in the mortgage is held to be valid by repeated decisions of our Supreme Court. The evidence also justifies the conclusion reached by the trial court, and denied by appellants, that these notes to the Stokers were given for a valuable consideration and valid debt, and not with intent to defraud, hinder or delay creditors.

It is finally urged as a reason for reversal that the court below erred in finding said mortgage valid for the amount of the whole debt, when in fact the evidence showed a part of such debt had been paid, and the court should have found the amount actually unpaid to enable plaintiffs in executions to pay it, and take the property to satisfy said executions; to all this it is sufficient to reply, the record discloses no such finding as is complained of; no impediment prevented defendants below

from paying such unpaid amount, had they been so minded. And further, the accounts between the mortgage creditors or the amounts due them are not subject-matters of adjustment in this proceeding, but the sole question for determination is, were the claimants entitled at law to the property in controversy when they gave the notice. We think the evidence clearly shows that a valid chattel mortgage was made, executed and delivered by the mortgagor to claimants as joint mortgagees, conveying to them the said property to secure the payment of a valid debt; that said mortgage was duly acknowledged and recorded, and by the levy of said executions upon the mortgaged property, while a portion of the mortgage debt remained due and unpaid, the condition upon which the mortgagor might retain possession was broken, and the legal right of the mortgagees to take said mortgaged property at once accrued, and the mortgage being to them jointly, all properly joined as claimants, although one or more of them may then have ceased to have an existing debt secured by the mortgage; hence the finding and judgment was properly for all the claimants, and perceiving no error in the record, the judgment is affirmed.

Judgment affirmed.